UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROLANDO NAZARIO GONZALEZ,**

      **Plaintiff,**

v.                                                              **Case No: 6:17-cv-1615-Orl-41DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

      Rolando Nazario Gonzalez (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 15 at 14-15, 19-21, 24. The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. *Id*. at 16-19, 21-25. The undersigned **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.**     **Procedural History**

      This case stems from Claimant's applications for disability insurance benefits (DIB) and supplement security income (SSI), in which he alleged a disability onset date of June 1, 2013. R. 317-20, 329-37. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. The ALJ held hearings on November 6, 2015 and June 1, 2016, at which Claimant and his representative appeared. R. 46-51, 54-78. The ALJ entered

his decision on July 25, 2016, and the Appeals Council denied review on July 19, 2017. R. 1-4, 16-28. This appeal followed.

II.     **The ALJ's Decision**

The ALJ found that Claimant suffered from the following severe impairments: human immunodeficiency virus (HIV); lower back strain; and depression. R. 18. The ALJ determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 19-21.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1] with the following specific limitations:

> [T]he claimant can perform simple, repetitive tasks with occasional interaction with the general public. The claimant is not able to communicate in English, and can only communicate in Spanish.

R. 21. In light of this RFC, the ALJ found that Claimant was able to perform his past relevant work as an assembler. R. 26-27.[2] Thus, the ALJ concluded that Claimant was not disabled between his alleged disability onset date, June 1, 2013, through the date of the decision, July 25, 2016. R. 28.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] The ALJ elected not to proceed to step five of the sequential evaluation process. *See* R. 27.

**III.    Standard of Review**

The Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not decide facts anew, reweigh evidence, or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.    Analysis**

Claimant raises two assignments of error: 1) the ALJ erred by not evaluating a treatment summary by Gerard Kinzler, a licensed social worker; and 2) the ALJ failed to apply the correct legal standards in determining that Claimant's prior work as an assembler qualified as past relevant work. Doc. 15 at 14-15, 19-21. The undersigned will address each assignment of error in turn.

### A. Mr. Kinzler

Claimant argues that the ALJ erred by failing to "evaluate" Mr. Kinzler's treatment summary. Doc. 15 at 19-21 (citing SSR 06-3p, 2006 WL 2263437 (Aug. 9, 2006)).[3] The Commissioner argues that the ALJ considered Mr. Kinzler's treatment summary and committed no reversible error with respect to that treatment summary. *Id*. at 21-24.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC, 20 C.F.R. §§ 404.1546(c), 416.946(c), which requires the ALJ to consider all relevant evidence, 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3), including, but not limited to, opinions from "acceptable medical sources," such as physicians and psychologists, *Id*. at §§ 404.1513(a) (2016), 416.913(a) (2016), and "other sources," such as nurse practitioners and licensed clinical social workers, *Id*. at §§ 404.1513(d)(1) (2016), 416.913(d)(1) (2016).

Mr. Kinzler is a licensed social worker and, thus, is classified as an "other source" under the Social Security regulations. *Id*. at §§ 404.1513(d)(1) (2016), 416.913(d)(1) (2016); *see* SSR 06-3p. The ALJ must evaluate evidence from these other sources, as they "may provide insight into the severity of [a claimant's] impairment(s) and how it affects the [claimant's] ability to function." SSR 06-3p. Further, the ALJ "generally should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such

---

[3] Although later rescinded on March 27, 2017, SSR 06-3p was in effect at the time the ALJ rendered his decision, and the ALJ was required to follow that SSR when determining whether Claimant is disabled. So the Court must consider the ALJ's compliance with SSR 06-3p.

opinions may have an effect on the outcome of the case." *Id*. An opinion from an "other source," however, is generally not entitled to any particular weight. *See Stultz v. Comm'r of Soc. Sec.*, 628 F. App'x 665, 668 (11th Cir. 2015) (nurse practitioner's opinion was not entitled to "substantial weight" because she was not considered an acceptable medical source).[4]

Claimant met with Mr. Kinzler over the phone and in person on several occasions between August 2015 and April 2016. R. 714-41. Mr. Kinzler prepared a "Treatment Summary" on May 2, 2016, summarizing his treatment of Claimant between August 2015 and April 2016. R. 708. In his treatment summary, Mr. Kinzler noted that Claimant suffers from a long history of mental health issues and, based on Claimant's statements, Claimant is "socially withdrawn, feels hopeless, . . . spends most of his time in isolation . . . has limited energy, has flat affect and is not capable of interacting with others." *Id*. In addition, Mr. Kinzler reported that Claimant's mental status revealed that "[h]e has limited energy and ability to focus on task[s]; he is tired, anxious and pre-occupied on his declining health." R. 709. Mr. Kinzler concluded that Claimant "has withdrawn socially, is pre-occupied with his health concerns . . . [,] his self-reliance has diminished . . . [,] and [he] has not been able to manage his day-to-day problems." *Id*.

The ALJ did not discuss Mr. Kinzler's treatment summary in detail, nor did he expressly assign it any particular weight. *See* R. 16-28. Thus, Claimant argues that the ALJ "failed to evaluate Mr. Kinzler's [treatment summary]." Doc. 15 at 21. The content of the ALJ's decision, however, belies Claimant's argument. In that decision, the ALJ cited to the treatment summary several times at steps three and four of the sequential evaluation process, R. 20, 24, and he relied on the treatment summary in weighing the opinions of two state agency psychologists. Those

---

[4] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

psychologists opined, in relevant part, that Claimant had mild difficulties in social functioning. R. 110, 161. The ALJ assigned little weight to those opinions because they were "inconsistent with evidence in the record that the claimant has been identified as a loner who socially withdraws and isolates, and has no friends." R. 24 (citing R. 708-09). The undersigned finds that the ALJ's citation to and reliance on Mr. Kinzler's treatment summary sufficiently demonstrates that he evaluated the treatment summary – and apparently assigned it some weight – in reaching his RFC determination.[5] Therefore, the undersigned **RECOMMENDS** that the Court reject Claimant's first assignment of error.

### B. Past Relevant Work

Claimant argues that the ALJ erred by finding that his prior work as an assembler constituted past relevant work with respect to his SSI claim, because he performed that work more than 15 years before the ALJ rendered his decision. Doc. 15 at 15.[6]

The Commissioner argues that Claimant waived this argument because he could have raised it before the ALJ but failed to do so. *Id*. at 16-17. The Commissioner alternatively argues

---

[5] The undersigned notes that Claimant does not argue that the ALJ erred by failing to expressly state the weight he assigned to Mr. Kinzler's treatment summary. *See* Doc. 15 at 19-21. Thus, Claimant has waived any such argument. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court). Further, to the extent Claimant has not waived that argument, the undersigned nevertheless finds that Claimant has not demonstrated that the ALJ's failure to expressly weigh Mr. Kinzler's opinion requires reversal. First, as discussed above, the ALJ considered and implicitly assigned some weight to Mr. Kinzler's opinion, which the Claimant does not challenge. Second, Claimant does not argue – nor does it appear – that Mr. Kinzler's treatment summary contradicts the ALJ's RFC determination. Thus, to the extent that the ALJ erred by not expressly weighing Mr. Kinzler's treatment summary, the error is harmless. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination).

[6] Claimant concedes that his work as an assembler constitutes past relevant work with respect to his DIB claim, because he performed that work less than 15 years before his last date insured, December 31, 2015. Doc. 15 at 14.

that Claimant's rigid application of the 15 year look-back period runs counter to the applicable regulation, social security ruling, and case law, all of which permit the ALJ, in certain circumstances, to classify work performed outside the 15 year look-back period as past relevant work. *Id*. at 17-18. The Commissioner goes on to argue that the ALJ reasonably concluded that Claimant's work as an assembler constituted past relevant work, because Claimant has not demonstrated that the skills he acquired as an assembler are currently inapplicable. *Id*. at 18-19. Further, the Commissioner argues that the 15 year look-back period does not apply to unskilled work, such as that done by an assembler, and, to the extent it does, the similarities between Claimant's work as an assembler and other work he performed during the 15 year look-back period – i.e., work as a material handler and stock clerk – support the ALJ's determination that Claimant's work as an assembler qualifies as past relevant work. *Id*. at 19. Therefore, the Commissioner argues that the ALJ's determination that Claimant's work as an assembler constitutes past relevant work is supported by substantial evidence. *Id*.

 A claimant is not disabled if the claimant can return to the claimant's past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). A job will qualify as past relevant work if it was done: 1) within the last 15 years; 2) long enough for the claimant to learn to do it; and 3) at a level constituting substantial gainful activity. *Id*. at § 416.965(a). The claimant bears the burden of showing that certain work experience is not past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

 The undersigned, as an initial matter, finds the Commissioner's waiver argument unpersuasive. The Commissioner, as previously mentioned, argues that Claimant waived any challenge to the ALJ's determination that his work as an assembler constituted past relevant work because Claimant could have raised it before the ALJ during the hearing but failed to do so. Doc.

15 at 16-17.[7]  The Commissioner relies on *Bechtold v. Massanari*, 152 F. Supp. 2d 1340 (M.D. Fla. 2001), in which the court concluded that "when [claimant was] squarely presented with an opportunity to object to the characterization by the [ALJ] of the nature of her past relevant employment, [and] failed to do so . . . [s]uch failure constitutes a waiver of her right to raise the argument before [the district court.]"  *Id*. at 1347.  The application of the waiver doctrine in *Bechtold* has since been called into question by at least one court in this District.  *See Yarris v. Comm'r of Soc. Sec.*, Case No. 2:14-cv-501-FtM-CM, 2015 WL 5687751, at *3 (M.D. Fla. Sept. 25, 2015) (finding that *Bechtold's* application of the waiver doctrine no longer applied in light of the Eleventh Circuit's decision in *Loudermilk v. Barhart*, 290 F.3d 1265 (11th Cir. 2002), in which the Eleventh Circuit noted that "a Social Security claimant's failure to raise an issue at the administrative level does not deprive a court of jurisdiction to consider the issue when it is raised for the first time during judicial proceedings.").  The undersigned, though, need not address whether *Bechtold* remains good law, because this case is factually distinguishable from *Bechtold*.

The error in *Bechtold* involved the ALJ's improper bifurcation of the claimant's prior work when determining whether the claimant could perform her past relevant work.  *Bechtold*, 152 F. Supp. 2d at 1345-36.  Specifically, the ALJ separated the claimant's prior work as a file clerk into two separate jobs, that of a file clerk and a telephone clerk.  *Id*.  This error would have been immediately apparent to the claimant and her representative at the hearing, a fact noted by the court, and, thus could have – and, according to the court, should have – been addressed at the hearing.  *See id*. at 1347.  The error in this case was not as readily apparent.  Here, it was apparent at the hearings that the ALJ found Claimant's work as an assembler constituted past relevant work. R. 47-49, 76.  Claimant could have objected to this classification, as the Commissioner argues, on

---

[7] Claimant does not address the Commissioner's waiver argument.  *See* Doc. 15 at 14-15.

the basis that such a finding was erroneous because, given the timing of the second hearing (June 2016), it would have been clear to Claimant that his work as an assembler would have occurred more than 15 years prior to the ALJ's forthcoming decision. This argument, though, fails to acknowledge that work performed outside the 15 year look-back period may constitute past relevant work. *See infra* pp. 9-10 (explaining that work performed beyond the 15 year look-back period may constitute past relevant work). Claimant could have reasonably suspected that the ALJ reached that conclusion and would explain that conclusion in more detail in his decision, but that was not the case. The ALJ, as discussed herein, erroneously looked to Claimant's alleged onset date, not the date of his decision, in determining that Claimant's work as an assembler was performed within the 15 year look-back period. R. 27. Thus, unlike the error in *Bechtold*, the error committed by the ALJ did not truly become apparent until the ALJ rendered his decision. Therefore, the undersigned finds that application of the waiver doctrine under the circumstances of this case would not be appropriate, and, as a result, the undersigned will proceed to address the merit of Claimant's second assignment of error.

Claimant argues that he worked as an assembler more than 15 years before the ALJ issued his decision, and, as a result, that work cannot be considered past relevant work with respect to his SSI claim. Doc. 15 at 15. Thus, Claimant seemingly argues that no job performed prior to the 15 year look-back period can qualify as past relevant work. This rigid application of the 15 year look-back period runs counter to the applicable regulation and social security ruling, as well as the case law interpreting that authority.

The applicable regulation states that the Commissioner will "usually" not consider work a claimant performed more than 15 years before the adjudication date because jobs change over time, such that skills and abilities obtained years ago may no longer be applicable. 20 C.F.R. §

416.965(a). The use of the word "usually" should lead one to the understanding that that 15 year look-back period should not be applied rigidly, an understanding consistent with SSR 82-62's discussion of the 15 year look-back period:

> While the regulations provide that a claimant/beneficiary's work experience is usually relevant when the work "was done within the last 15 years," in some cases work[ ] performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations.

SSR 82-62, 1982 WL 31386, at *2 (Jan. 1, 1982). Thus, the regulation creates a presumption that skills and abilities acquired in work performed outside the 15 year look-back period are inapplicable, but the regulation does not strictly prohibit an ALJ from considering whether work performed prior to the 15 year look-back period may qualify as past relevant work. *Barnes*, 932 F.2d at 1358; *see Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 109 (6th Cir. 1989) ("By the very terms of this regulation, fifteen years is not a bright-line rule but a "guide" intended to help the Secretary avoid concluding that a claimant who has worked in a job requiring certain marketable skills retains marketable skills after the workplace has changed in its requirements.").

Claimant testified that he worked on an assembly line through the end of 2000. R. 58.[8] Claimant explained that this work involved the assembly of various medical products. R. 48-49, 58-60. The VE testified that this work was consistent with the job of "assembler[,] plastic hospital

---

[8] The record does not contain the precise date or month Claimant stopped working as an assembler, but, given Claimant's concession that his work as an assembler constitutes past relevant work with respect to his DIB claim, it appears Claimant acknowledges that he worked as an assembler through December 2000.

products," which the Dictionary of Occupational Titles (DOT) classifies as light work with a specific vocational preparation (SVP) level of two. R. 76.[9]

The ALJ found that Claimant's work as an assembler constituted past relevant work, in relevant part, because it was performed within 15 years of Claimant's alleged onset date. R. 27. The relevant look-back period for an SSI claim "is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." SSR 82-62, 1982 WL 31386, at *2. Thus, the ALJ erroneously relied on Claimant's alleged onset date in determining that his work as an assembler falls within the 15 year look-back period. The look-back period should have been calculated from the date of the ALJ's decision, which, in this case, would extend the look-back period to July 2001. Therefore, Claimant's work as an assembler falls seven months outside the 15 year look-back period.

It is possible that a harmless error analysis could save the ALJ's decision from reversal and remand. But the Commissioner did not expressly assert harmless error. That said, it could be argued that the Commissioner implicitly asserted that any error was harmless because: 1) Claimant failed to demonstrate that the skills he developed as an assembler are no longer applicable; 2) at least one court has recognized that the 15 year look-back period does not apply to unskilled work; and 3) the record demonstrates that Claimant would have continued to use the skills he developed as an assembler in performing other jobs he held during the 15 year look-back period. Doc. 15 at 18-19. The undersigned is not persuaded.

---

[9] An SVP of 2 equates to unskilled work under 20 C.F.R. § 416.968(a). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000) (explaining that "unskilled work corresponds to an SVP of 1-2 . . . in the DOT.").

While Claimant bears the burden of demonstrating that prior work is not past relevant work, a presumption arises that prior work performed outside the 15 year look-back period is not past relevant work. *Barnes*, 932 F.2d at 1358. The Commissioner appears to argue that this presumption is overcome because at least one court has recognized that the 15 year look-back period does not apply to unskilled work, which includes Claimant's work as an assembler. Doc. 15 at 19 (citing *Smith*, 893 F.2d at 109). The decision the Commissioner relies on comes from the Sixth Circuit Court of Appeals, and, thus, it is not binding on this Court.[10] Further, while such a decision may be considered persuasive, the undersigned declines to rely on that decision to find the ALJ's error harmless because *Smith* is factually distinguishable from this case. In *Smith*, the Sixth Circuit ultimately concluded that the prior work at issue was performed within the 15 year look-back period, and, thus, it did not even engage in a harmless error analysis. *Smith*, 893 F.2d at 109.[11] The Commissioner also appears to argue that the presumption is overcome given the similarity between Claimant's work as an assembler and the work he later performed as a material handler and stock clerk. Doc. 15 at 19. The ALJ, though, did not make these comparisons, thus, this argument amounts to improper post hoc rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Thus, the undersigned finds the Commissioner's implicit argument that the ALJ's error is harmless unpersuasive.

---

[10] The Commissioner does not cite to any decision from the Eleventh Circuit reaching the same conclusion. *See* Doc. 15 at 19.

[11] The recommendation not to follow the Commissioner's argument that the Court should utilize reasoning in *Smith* to find harmless error in this case should not be interpreted as the undersigned disagreeing with the reasoning in *Smith* in any way. The undersigned simply finds *Smith* factually distinguishable and, thus, inapposite to this case.

Further, the application of the harmless error doctrine is not appropriate in this case given the nature of the ALJ's error and the Court's standard of review. The "harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome . . . such error is deemed harmless." *Torres v. Astrue*, 2012 WL 621707, at *2 (M.D. Ga. Feb. 2, 2012); *see Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). In light of ALJ's erroneous determination that Claimant's work as an assembler fell within the 15 year look-back period, the ALJ did not go on to make any findings that would support a conclusion that Claimant's work as an assembler constitutes past relevant work. Thus, to conclude that the error was harmless, the Court would essentially have to weigh the evidence and speculate as to whether the ALJ would conclude that Claimant's work as an assembler constitutes past relevant work.[12] The standard of review does not permit such speculation. *See Bloodsworth*, 703 F.2d at 1239. Thus, the undersigned finds that this case should be remanded so that the ALJ can make the necessary findings to determine whether Claimant's work as an assembler qualifies as past relevant work despite having been performed outside the look-back period. Therefore, the undersigned **RECOMMENDS** that the Court accept Claimant's second assignment of error and remand the case for further proceedings consistent with this report.

V.    **Conclusion**

Accordingly, it is **RECOMMENDED** that the Court:

---

[12] This speculation, for example, does not occur in Social Security cases where the Court finds the ALJ's failure to weigh a medical opinion harmless because the opinion does not contradict the ALJ's RFC determination. *See Wright*, 153 F. App'x 678, 684.

13

1. **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings consistent with this report; and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy